[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE MOTION TO SUPPRESS
By motions dated March 4, 1997, the defendant moves to suppress the evidence seized pursuant to a search and seizure warrant for the defendant's residence at 165 Center Street, Wallingford, Connecticut. The defendant argues that the warrant was not supported by probable cause.
On February 8, 1996, Rocky Hill Police Department detectives executed the search and seizure warrant for the person of Paul Motta and his residence at 165 Center Street, 2nd floor, Wallingford, Connecticut[1]. As a result of that search, the police seized 6.4 grams of marijuana and drug paraphernalia. This defendant was charged with the crimes of possession of marijuana and possession of drug paraphernalia.
In deciding a challenge to the validity of a search warrant, the trial court is guided by well established standards. This court does not conduct a de novo review but rather determines "whether the affidavit at issue presented a substantial factual basis for the magistrates's conclusion that probable cause existed." State v. Duntz, 223 Conn. 207, 215 (1992). "Probable cause to search exists if: 1) there is probable cause to believe that the particular items sought to be seized are connected with criminal activity; and 2) there is probable cause to believe that the items named will be found in the place to be searched."223 Conn. at 215-216. Generally, probable cause is found when an impartial and reasonable mind would not merely suspect or conjecture but would be reasonably persuaded by the facts to believe that criminal activity has occurred. In making this determination a magistrate is entitle to draw reasonable inferences from the facts presented. State v. Barton,219 Conn. 529, 544 (1991). The Barton court has summed up the reviewing court's role as follows:
 When a magistrate has determined that the warrant affidavit presents sufficient objective indicia of reliability to CT Page 3776 justify a search and has issued a warrant, a court reviewing that warrant at a subsequent suppression hearing should defer to the reasonable inferences drawn by the magistrate. Where the circumstances for finding probable cause are detailed, where a substantial basis for crediting the source of information is apparent, and when a magistrate has in fact found probable cause, the reviewing court should not invalidate the warrant by application of rigid analytic categories.
219 Conn. 544-545.
The warrant at issue here contains information from a concerned citizen beginning in December 1995 to the date of the issuance of the warrant. The December 1995 information is that a Joseph Lombardo is selling marijuana from his residence in Rocky Hill and has a partner whose name is Dan Chiulli. Mr. Lombardo acquires his supply from New York and the New Haven area. In January 1996, the concerned citizen reports that Mr. Lombardo went to New Haven or Wallingford to get a supply of marijuana and cocaine and that one of his suppliers is "Paul" who operates a used car dealership in Wallingford. The concerned citizen also reports that he was in Mr. Lombardo's apartment the week before Christmas and saw a large garbage bag of marijuana. The concerned citizen then reports that he was again in Mr. Lombardo's apartment the week of January 13, 1996, and again observed a large garbage bag of marijuana. On February 8, 1996, the concerned citizen was interviewed by the Rocky Hill and became a confidential informant. The confidential informant informs the police that Mr. Lombardo makes two trips per week to Wallingford, "where he picks up large quantities of marijuana from PAUL (who owns a used car dealership), and who was described as a white male, almost six feet tall, about 38 years old, who has dark hair and BOB." The confidential informant tells the police that Mr. Lombardo told the confidential informant that he gets his supply of drugs from Paul and Bob and then resells the drugs. The police confirmed the accuracy of the concerned citizen/confidential informant's information as to the addresses, business and description of Paul Motta. The warrant also states that there is corroboration of the connection between the defendant Paul Motta and Mr. Lombardo and Chiulli. By warrant, the telephone records of Messrs. Lombardo and Chiulli were seized which revealed fifteen calls to Paul Motta's residence and Paul's Auto Sales for the period December 1, 1995 through January 29, 1996. Other sources of varying reliability provided the police with CT Page 3777 information regarding Paul Motta's drug related activities from 1990 to 1995.
Under the "totality of circumstances" test adopted by our Supreme Court, the magistrate issuing the warrant considers the elements of the Anguillar-Spinelli test and, if the warrant fails that test, considers other circumstances set forth in the warrant to determine if there are "other objective indicia of reliability" to find probable cause. Here, standing alone, the information provided by concerned citizen/confidential informant fails the Anguillar-Spinelli test. The basis of knowledge and the veracity or reliability of the informant are not sufficiently set forth in the warrant. Nevertheless, there are "other objective indicia of reliability" within the warrant to find probable cause. The corroboration by the police of the activities Lombardo/Chiulli connection, and of Paul Motta's continuous association with drug related activity are such indicia.
It is further reasonable for the issuing court to infer that there is probable cause to search the residence of Paul Motta. While the defendant argues that the warrant is deficient in regard because the information is stale, the case he relies on was recently overruled by the Supreme Court. State v. Rosario,39 Conn. App. 550, overruled 238 Conn. 380 (1996). In that opinion, the Supreme Court noted "in a doubtful or marginal case. . .our constitutional preference for a judicial determination of probable cause leads us to afford deference to the magistrate's determination." 238 Conn. at 386.
Under the most recent appellate authority, the warrant presents a substantial factual basis for the court to defer to the issuing magistrate's finding based upon reasonable inferences that probable cause existed. See, State v. Marsala,42 Conn. App. 1, cert. denied, 239 Conn. 912 (1996). "A reviewing court should not invalidate a warrant as long as the inferences drawn by the issuing magistrate are reasonable under all of the circumstances set forth in the affidavit regardless of whether that court would have drawn the same inferences." 42 Conn. App. at 9.
For the foregoing reasons, the motion is denied.
DiPentima, J.